86 F.3d 1178
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Carol L. OWINGS, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 95-7062.
 United States Court of Appeals, Federal Circuit.
 May 16, 1996.
 
 Vet.App.
 AFFIRMED.
 RICH, MAYER, and RADER, Circuit Judges.
 RADER, Circuit Judge.
 
 
 1
 The Court of Veterans Appeals affirmed the denial of Ms. Owings' claim for dependency and indemnity compensation (DIC). Because this court has no jurisdiction to hear challenges to factual determinations of the Court of Veterans Appeals and the court properly held that Ms. Owings' due process claim has no merit, this court affirms.
 
 
 2
 Ms. Owings' DIC benefits ended because of her remarriage. She cannot recover those benefits merely because she divorced. At the time of Ms. Owings' remarriage in 1980, 38 U.S.C. § 103(d)(2) did not bar a veteran's widow from DIC benefits if her remarriage ended by death or divorce. Under changes in the law governing DIC benefits, however, widows can no longer reinstate their DIC benefits for claims filed after October 31, 1990. Omnibus Budget Reconciliation Act of 1990, Pub.L. No. 101-508, § 8004, 104 Stat. 1388, 1388-343 (Nov. 5, 1990). The only exception to this rule created a safe harbor for surviving spouses who commenced legal proceedings to end their remarriage before November 1, 1990.
 
 
 3
 At the Court of Veterans Appeals, Ms. Owings made several arguments to recover her DIC benefits. First, she claimed a contractual right or social contract to DIC benefits because a government employee told her that when she remarried she could reinstate the benefits if the marriage failed. Next, she claimed to have commenced legal proceedings to divorce her second husband before November 1, 1990. She also asserted that the new law for DIC benefits violates the equal protection component of the due process clause by requiring the surviving spouse to file for divorce to restart the benefits. And finally, she alleged a violation of her due process rights because she received no notice and no hearing concerning the changed law on DIC benefits.
 
 
 4
 Except to the extent that an appeal presents a constitutional issue, this court has no jurisdiction to review a challenge to a factual determination or a challenge to a law or regulation as applied to the facts. 38 U.S.C. § 7292(d)(2) (1994). In this case, the Court of Veterans Appeals made factual findings that the legal proceeding concerning Ms. Owings' divorce commenced after November 1, 1990. This court enjoys no jurisdiction to review these factual findings.
 
 
 5
 The Court of Veterans Appeals also found that the Board of Veterans Appeals correctly determined that Ms. Owings did not notify the Veterans Administration of any legal divorce proceedings before November 1, 1990. Consequently, that court had no need to address Ms. Owings' equal protection claim. Therefore, this court has no warrant to address this claim either.
 
 
 6
 Finally, the Court of Veterans Appeals found that Ms. Owings did not have a property interest in potential future veterans' benefits. Veterans' benefits may create a property interest under the due process clause. In this instance, however, Ms. Owings did not show any entitlement to benefits. Because a statute or regulation--independent of the due process clause itself--must grant a property interest, see Board of Regents v. Roth, 408 U.S. 564, 577 (1972), Ms. Owings would only show a property interest if she qualified under the statutory provisions. No legal authority or court precedent suggests that an applicant, or a person who might qualify for potential future veterans' benefits, has a due process property interest in the expectation of those benefits. Therefore, the Court of Veterans Appeals did not err in dismissing Ms. Owings' due process claim.
 
 
 7
 In addition, the Court of Veterans Appeals properly found that the Veterans Administration had no duty to notify Ms. Owings of the changes in law. The regulation interpreting 38 U.S.C. § 103(d) provides that "no award of [DIC] shall be terminated, reduced[,] or otherwise adversely affected unless the beneficiary has been notified of such adverse action." 38 C.F.R. § 3.103(b)(2)(1995). This regulation, however, creates no obligation to inform Ms. Owings. Informing Ms. Owings of changes enacted on November 5, 1990, would not have allowed her to restart her DIC benefits. Because Ms. Owings was not the beneficiary of DIC benefits, and has not been since her remarriage, the court properly discerned no duty to notify Ms. Owings. Accordingly, this court affirms the decision of the Court of Veterans Appeals.
 
 
 8
 RICH concurs in the result.